Our attention has been called to typographical errors in our decree wherein the plaintiff is ordered to pay the defendant alimony during the pendency of this suit when as a matter of fact the import of our opinion is that the defendant is to pay the plaintiff the alimony. Accordingly, our decree herein is corrected and amended so as to order the defendant, i. e., Norman Everitt Gillis, to pay to the plaintiff, i. e., Ellen Bordelon Gillis, $25 a month alimony for the support of the minor child, Norman Everitt Gillis, Jr., during the pendency of these proceedings.

As corrected and amended, the decree heretofore rendered by this court is reinstated.

**1 So.2d 673**

**In re COMER.**

**No. 36086.**

March 31, 1941.

Charles A. McCoy, of Lake Charles, Eugene A. Conway, of Baton Rouge, Hollingsworth B. Barret, of Shreveport, and Frank W. Hart and Benjamin Y. Wolf, both of New Orleans, Chairman, for Supreme Court Committee on Professional Ethics and Grievances.

ODOM, Justice.

By virtue of the power and authority conferred upon it by order of this court dated August 22, 1940 (195 La. XLIV), the Supreme Court Committee on Professional Ethics and Grievances filed in this court on January 17, 1941, a petition setting out that Robert G. Comer, an attorney at law, was convicted of a felony in the Criminal District Court for the Parish of Orleans on November 26, 1940, and was by that court sentenced to serve a term of two years at hard labor in the State Penitentiary, and praying that this court enter an order striking the name of the said Robert G. Comer from the roll of attorneys and cancelling his license to practice law in the State of Louisiana.

The proceeding was brought under Section 9, Rule XVIII, of the rules of this court, adopted April 4, 1939 (191 La. lii), which reads as follows: "Whenever any member of the bar shall be convicted of a felony and such conviction shall be final there may be presented to the court a certified or exemplified copy of the judgment of such conviction, and thereupon the court may, without further evidence, if in its opinion the case warrants such action, enter an order striking the name of the person so convicted from the roll of attorneys and cancelling his license to practice law in the State of Louisiana."

By order of this court, this matter came on for hearing in open court on March 13, 1941, on which date the chairman of the committee appeared in court and presented documentary evidence showing (1) that on September 11, 1939, a bill of information was filed, charging that the defendant Robert G. Comer did on April 13, 1939, embezzle the sum of $2,664.35; (2) that he was tried before a jury on this charge on November 26, 1940, and was found guilty as charged; (3) that on December 2, 1940, he was sentenced by the court to serve two years at hard labor in the State Penitentiary, and (4) that he was received in the State Penitentiary on December 17, 1940.

The documents introduced and filed in evidence show further that there were two other charges of embezzlement filed against Robert G. Comer and that he pleaded guilty in each case when arraigned, and that the judge imposed a sentence of one year at hard labor in one of the cases and a sentence of six months at hard labor

in the other, but ordered that these sentences run concurrently with the sentence imposed in the first above-mentioned case.

The chairman of the committee introduced and filed in evidence documents showing that on February 13, 1941, this court entered an order directing the said Robert G. Comer to show cause on the 13th day of March, 1941, why his name should not be stricken from the roll of attorneys of this court and why his license to practice law in the State of Louisiana should not be cancelled and revoked, and showing further that the clerk of this court, pursuant to the above order, issued a citation addressed to the said Robert G. Comer, and showing further that a certified copy of the said citation, together with a copy of the petition filed by the Supreme Court Committee on Professional Ethics and Grievances and a copy of the order to show cause, was served on the said Robert G. Comer on the 18th day of February, 1941. The chairman of the committee introduced evidence to show that the said Robert G. Comer had not made any appearance in this court or answered the rule up to March 13, 1941. The chairman of the committee also introduced testimony to show that the said Robert G. Comer is enrolled as a practicing attorney in this state.

It therefore affirmatively appears not only that the said attorney has been convicted of a felony and sentenced to hard labor for two years in the State Penitentiary, but also that he was on the 13th day of March, 1941, serving the sentence imposed upon him.

The case made out by the committee falls within the provisions of Section 9, Rule XVIII, of this court, quoted above.

The commission of these crimes shows that Robert G. Comer is not of good moral character, one of the attributes which is necessary in one enjoying the privileges and exercising the duties of an attorney at law.

For the reasons assigned, it is ordered that the license of the defendant Robert G. Comer to practice law, heretofore granted by this court, be revoked, and further ordered that his name be stricken from the roll of attorneys of this state.

O'NIELL, C. J., and LAND, J., absent.